JAMES J. BONDY, PLAINTIFF, v. WILLIAM H. PERCIVAL ET AL., DEFENDANTS.

Submitted December 8, 1923—Decided March 24, 1924.

1. A mortgage vests no estate whatever in the mortgagee in the lands covered by it, but merely gives him a right of entry upon breach of the condition of payment mentioned in the mortgage; and this right of entry is barred by the statute of limitations, unless it is exercised within twenty years next after the breach of the condition.
2. When the bar of the statute has become complete the mortgagor, while the title remains in him, and his grantees after conveyance by him, hold the lands free from any claim based upon the alleged continuance of the lien of the mortgage.

---

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Elmer W. Romine.*

*Contra, Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover the loss sustained by the plaintiff as the result of an alleged breach of a contract for the sale of land entered into by the parties thereto, the plaintiff being the vendee. The property which was the subject of the contract is located in the county of Morris, the title thereto being in the defendants. One of the provisions in the agreement for the sale was that the vendors should convey the property to the vendee free from encumbrances. The plaintiff paid a deposit of $500 on account of the purchase money, and before the day fixed for the delivery of the deed had arrived caused a search to be made in the records of Morris county, with the result that there were discovered on the records in the clerk's office three mortgages, which had not been cancelled thereon, one of which was for the sum of $400, made by one Carithers, the then owner of the premises, to Patrick Gowan, under date of March 5th, 1851, and payable April 1st, 1857; the second, made by the same mortgagor to one James Carithers, under date of April 1st, 1857, payable in four months; and the third, for $691.50, made by one James Roach, who was the then record owner of the premises, to A. W. Bell, under date of August 26th, 1862, payable in two installments, the first in five years from the date of the mortgage and the second in ten years from that date. This being the state of the record at the time fixed for the delivery of the deed, the plaintiff refused to accept the conveyance tendered him because, as he alleged, these mortgages were encumbrances upon the property and demanded back the deposit which he had paid, and also the sum of $150 paid for searches. This demand being refused, the present suit was instituted, the sole contention on the part of the plaintiff being that the defendants had broken their contract by failing to convey to the plaintiff the lands in question free from encumbrances, in accordance with the provision above recited. At the trial the existence of all of the facts which we have set forth was conceded, and it was admitted that the amount of $150 paid for search fees was reasonable, the only defense being that

the mortgages above described did not constitute encumbrances upon the property, and consequently that there had been no breach of the contract by the defendants. The trial judge held that this contention was unsound and directed a verdict for the full amount of the plaintiff's claim. Thereupon the defendants applied for and were allowed the present rule.

In our opinion the direction of a verdict for the plaintiff was due to a misconception of the status of these three mortgages. Two of them had been due for more than sixty years before the time fixed for the execution of this contract of sale, and the third for more than fifty years. The proofs offered on behalf of the defendants showed that on October 20th, 1886, the title to the property in question, which then stood in the name of one Amos P. Mills, had descended to his daughter Phoebe, by reason of his death on that date, she being his only heir-at-law, and he having died intestate; that the title remained in her until September, 1919, when she conveyed the land to the defendants, Percival and Whalley; that during all the period of her ownership of this property she never heard of these three mortgages or of any of them, and that neither she nor anyone on her behalf had ever paid anything on account of the principal or the interest thereof; that neither Percival nor Whalley had knowledge of the existence of any of these mortgages, and, in fact, had never heard of them until a search of the title was being made as a preliminary to the execution of the contract between the parties, and that neither of them had ever made any payment upon either of the said mortgages, and that no claim or demand had ever been made upon either of the defendants, by anyone, for such payment. All these facts were undisputed, and demonstrate, as we think, that the title offered to be conveyed by the defendants was not encumbered by any one of these three mortgages. Under the law as it exists in this state a mortgage vests in the mortgagee no estate whatever in the land. It merely gives him a right of entry on breach of the condition relating to payment mentioned in the instrument; and, under the 16th section of

our statute of limitations, the mortgagee's right of entry is barred unless exercised within twenty years next after the breach of the condition upon which it accrued. When the bar of the statute is complete the estate of the mortgagor is freed from any imperfection created by the mortgage. *Blue* v. *Everett,* 56 *N. J. Eq.* 455, 457.

Applying the doctrine of the cited case to the facts now before us: If it be assumed that, when the title to the lands which were the subject of the agreement devolved upon Phoebe Mills, on October 20th, 1886, these mortgages were each of them existing encumbrances thereon, and that each of the holders thereof had a right of entry on the mortgaged premises should the condition for payment be broken subsequently, that right ceased to exist, at the latest, twenty years after that date, that is, on October 20th, 1906. Thereafter, by force of the statutory limitation, she held the lands free from any claim which might be attempted to be enforced against her as owner by the holder of either of these mortgages; and, by her conveyance to the defendants, they stand in her shoes so far as the enforceability of these mortgages against the lands conveyed is concerned.

For the reason indicated, we conclude that the deed tendered to the plaintiff by the defendants was a full execution of their contract to sell; that the refusal of the former to accept the deed was a breach of the contract on his part which was without legal justification, and that the rule to show cause should, therefore, be made absolute.